UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ROBIN L. HINKLE,

        Plaintiff,

v.                                     CIVIL ACTION NO. 2:15-13856
                                     (Mingo County Civil Action No.
                                     12-C-202)

CASEY JOE MATTHEWS, TIMOTHY
MAY and CONNIE MAY, husband and wife,
SANTANDER CONSUMER, USA, INC., an
Illinois corporation; SAFE-GUARD PRODUCTS
INTERNATIONAL, LLC, a Georgia limited
liability company; and JOHNNY HINKLE,

        Defendants.

**SAFE-GUARD PRODUCTS INTERNATIONAL, LLC'S NOTICE OF REMOVAL**

        COMES NOW, Safe-Guard Products International, LLC, ("Safe-Guard") by and through counsel, James A. Varner, Sr., Debra Tedeschi Varner, Jeffrey D. Van Volkenburg and the law firm of McNeer, Highland, McMunn and Varner, L.C., and hereby files this notice of removal from the Circuit Court of Mingo County, West Virginia to the United States District Court for the Southern District of West Virginia, pursuant to Pub.L. No. 109-2, 119 Stat. 4 (hereafter, "Class Action Fairness Act" or "Act") and 28 U.S.C. § 1453.

**FACTUAL HISTORY OF CIRCUIT COURT ACTION**

        1.      Plaintiff Robin Hinkle's (hereafter, "Plaintiff") individual claims against Defendant Safe-Guard arise from the purchase of a Safe-Guard GAP Addendum from C&O Motors in 2006 and subsequent denial of her request to have the outstanding debt from the purchase of an automobile relieved following an automobile accident on or about June 1, 2011.

        2.      The Safe-Guard GAP Addendum waives the remaining balance on an automobile loan in the event that the loan amount exceeds payment from a liability carrier following a total loss

of the automobile through accident. This waiver of the outstanding balance requires compliance with the terms of the GAP Addendum.

3. This civil action was filed on or about July 20, 2012, in the Circuit Court of Mingo County, West Virginia.

4. Plaintiff's initial Complaint asserted allegations of breach of contract, violation of the Unfair Trade Practices Act ("UTPA") (W.Va. Code § 33-11-1, *et seq.*), as well as common law bad faith against Safe-Guard. See, *Plaintiff's Complaint*, attached hereto as *Exhibit A.*[1]

5. Plaintiff also asserted allegations against Santander Consumer, USA, Inc., ("Santander") sounding in breach of contract, common law and statutory insurance bad faith, and violations of the West Virginia Consumer Protection Act. Santander was the lender that ultimately acquired the automobile loan that financed Plaintiff Hinkle's automobile which is the subject of this civil action. See, *Exhibit A*.

6. Plaintiff's Complaint also asserted allegations against Casey Joe Matthews, Timothy May and Connie May (hereafter, "car accident defendants"). The car accident defendants were sued for direct liability for personal injury and property damage arising from the automobile accident that led to the filing of this civil action.[2] See, *Exhibit A*.

7. Plaintiff also maintained a claim against State Farm Insurance for underinsured motorist benefits. That claim has been settled and resolved via Order entered by the Circuit Court of Mingo County, West Virginia on or about October 5, 2015.

8. Finally, Plaintiff also added Johnny Hinkle as a putative necessary party to this litigation under Rule 19 of the West Virginia Rules of Civil Procedure. See, *Ex. A., at p. 2.*

---

[1] Plaintiff filed an initial Amended Complaint on or about July 12, 2013.

[2] The claims against the car accident defendants were resolved via settlement with Plaintiff Hinkle vis Order entered by the Circuit Court of Mingo County, West Virginia on January 2, 2014. The Order dismissing the car accident defendants is included with the record of the case being transmitted with this notice of removal.

9. On or about March 7, 2013, at a hearing before the Circuit Court of Mingo County, Plaintiff requested and was granted a briefing schedule on the issue of whether Safe-Guard's GAP Addendum constituted insurance. See, *Amended Time Frame Order*, entered March 21, 2013.

10. On or about October 16, 2014, the Circuit Court of Mingo County, West Virginia ruled that the Safe-Guard GAP Addendum did constitute insurance for purposes of the West Virginia insurance regulations and West Virginia Code § 33-11-1, *et seq*.

11. On or about November 3, 2014, Safe-Guard filed a request for a writ of prohibition with the West Virginia Supreme Court of Appeals following the ruling by the Circuit Court. Through an opinion released on March 11, 2015, the West Virginia Supreme Court of Appeals declined the requested writ.

12. On or about May 29, 2015, Plaintiff filed a motion with the Circuit Court of Mingo County to amend her complaint to assert class allegations against Defendants Safe-Guard and Santander for all claims, and further moved to amend the complaint to assert a cause of action that Safe-Guard had engaged in the unauthorized sale of insurance. See, *Plaintiff's Motion for Leave to File Amended Complaint, including draft of Plaintiff's Proposed Amended Complaint*, collectively attached hereto as *Exhibit B*.

13. Safe-Guard filed a response in opposition to Plaintiff's motion to assert class allegations on or about July 17, 2015. See, *Safe-Guard Response In Opposition to Plaintiff's Motion for Leave To File Amended Complaint*, attached hereto as *Exhibit C*.

14. The hearing on Plaintiff's motion to amend the complaint to assert class allegations was heard by the Circuit Court of Mingo County, West Virginia on September 10, 2015.

15. Following oral argument, the Honorable Judge Miki J. Thompson of the Circuit Court of Mingo County, West Virginia ruled that Plaintiff should be permitted to amend the Complaint to assert class allegations against Safe-Guard.[3]

16. Because the Circuit Court's oral order has sanctioned the assertions of class allegations against Safe-Guard, this notice of removal has been filed within thirty (30) days of the Circuit Court's oral order, despite the lack of any written order confirming the Circuit Court's findings during the September 10, 2015 hearing.

17. As of the date of the filing of this Notice of Removal, Safe-Guard has not been served with a copy of Plaintiff's Second Amended Complaint that is to be filed with the Circuit Court.[4]

18. Following the filing of Plaintiff's Motion to Amend on or about May 29, 2015, Plaintiff reached settlement with Defendant Santander and also finalized resolution of Plaintiff's undersinsured motorist claim against State Farm.[5] See, *Order Dismissing Underinsured Claims Against State Farm*, attached hereto as *Exhibit D*. As a result the only pending claims as of the date of the filing of this Notice of Removal are Plaintiff's individual and class claims against Safe-Guard.

## GROUNDS FOR REMOVAL

19. Safe-Guard moves to remove this matter pursuant to the Class Action Fairness Act and 28 U.S.C. § 1453.

20. A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. See, 28 U.S.C. § 1441. The

---

[3] At the time of the filing of this Notice of Removal, an order had not been entered which memorialized the findings of the September 10, 2015 hearing. Consequently, Safe-Guard has not been served with Plaintiff's Second Amended Complaint asserting class allegations. However, in an effort to be overly cautious concerning the timing of the filing of the Notice of Removal, Safe-Guard has proceeded to file this Notice of Removal within thirty (30) days of the hearing at which Judge Thompson stated that she would permit the class allegations to be filed with the Circuit Court.

[4] The version of Plaintiff Hinkle's Second Amended Complaint in the possession of Safe-Guard was the "red-lined" draft attached as an exhibit to Plaintiff's motion to amend.

[5] As of the date of the filing of this Notice of Removal, an order confirming the settlement and dismissal of Plaintiff's claims against Santander has not been entered.

-4-

Class Action Fairness Act ("CAFA") confers original jurisdiction on district courts over class actions in which (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," *Id.*, § 1332(d)(2)(A); and (3) "there are 100 or more plaintiff class members," *Id.*, § 1332(d)(5)(B). *See, West Virginia ex rel. McGraw v. CVS Pharm.*, Inc., 646 F.3d 169, 174 (4th Cir.2011). The claims of individual class members may be aggregated to meet the $5,000,000.00 amount in controversy. See, 28 U.S.C. § 1332(d)(6).

21. The instant Notice of Removal has been filed within the thirty (30) day period from the date where the Circuit Court of Mingo County issued its oral ruling which permitted Plaintiff leave to file her amended Complaint asserting class allegations against Safe-Guard.

22. Safe-Guard has promptly served this Notice of Removal on all parties of record in the Mingo County action and to the Clerk of the Circuit Court of Mingo County, West Virginia pursuant to 28 U.S.C. § 1446.[6]

23. Venue properly lies with the Federal District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1441 and § 1446(a) as this civil action is currently pending in the Circuit Court of Mingo County, West Virginia.

24. A certified copy of the docket sheet has been attached hereto as *Exhibit E*. Also, attached hereto as Exhibit F are portions of the record requested by the Circuit Clerk's office.[7]

---

[6] Because Santander has not technically been dismissed as of the date of the filing of this Notice of Removal. Safe-Guard has also served the Notice of Removal on Plaintiff Hinkle and Johnny Hinkle, despite the fact there has never been a claim asserted against him and he has never appeared in this civil action.

[7] In advance of the filing of this Notice of Removal, the office of the undersigned counsel contacted the Clerk of the District Court for the Southern District of West Virginia concerning the potential for providing a certified copy of the entire court file from the Circuit Court of Mingo County. The entire file would be well in excess of two thousand pages. The Circuit Clerk's office directed the office of the undersigned to only provide certain pertinent pleadings and items which have been provided as part of this Notice of Removal.

**A.)** **There Is No Viable Argument That The Minimum Amount in Controversy Requirement For This Civil Action Cannot Be Met**

25. Because of the nature of the claims asserted against Safe-Guard, the number of potential claimants and the potential relief afforded by the claims asserted, there is no dispute that the amount in controversy is in excess of Five Million Dollars ($5,000,000.00), as required by 28 §1332(d)(2).

26. The draft of Plaintiff's proposed Second Amended Complaint seeks to assert claims for the unlawful sale of insurance under W. Va. Code § 33-3-1. See, *Plaintiff's Proposed Amended Complaint*, at pp. 15-16 (attached to *Exhibit B*).

27. Through Plaintiff's claim for relief based on the unlawful sale of insurance, Plaintiff has sought to recover damages on behalf of all individuals that purchased the Safe-Guard GAP Addendum in West Virginia.

28. During discovery in this civil action, Safe-Guard confirmed that Safe-Guard had sold 19,186 Gap Addendums in West Virginia as of 2013. See, *Safe-Guard Response to Plaintiff's Discovery Responses*, at pp. 1-2, attached hereto as *Exhibit G*.

29. Plaintiff has alleged that as a result of the alleged unlawful sale of insurance, Safe-Guard has violated W. Va. Code § 46A-2-127, 46A-6-102, 104 and 106. See, *Plaintiff's Proposed Amended Complaint*, attached to *Exhibit B*, at p. 16.

30. Plaintiff has asserted a right to recovery in the amount of $4,600.00 for each violation of the statutes noted above, all of which are part of the West Virginia Consumer Protection Act. See, *Id.*

31. Taking the minimum number of potential claimants (19,186) multiplied by Plaintiff's alleged right to recovery results in a sum total of Eighty Eight Million Two Hundred Fifty Five Thousand Six Hundred Dollars ($88,255,600.00). This amount exceeds the minimum statutory requirements for this Court to assume jurisdiction of this case.

32. Plaintiff's proposed class allegations also seek to assert a right of recovery against Safe-Guard for a refund of premiums paid by all members of the class. The total cost associated with the purchase of the individual Safe-Guard Gap Addendum by Plaintiff Hinkle was Four Hundred Ninety Five Dollars ($495.00). Taking a proposed class of 19,186 individuals and multiplying the $495.00 charge results in a potential total recovery of Nine Million Four Hundred Ninety Seven Thousand and Seventy Dollars ($9,497,070). The recovery for this individual claim, if the entire class was eligible, would exceed the total minimum threshold necessary for this Court to assume jurisdiction. When combined with the potential recovery asserted through Plaintiff's attempted recovery on behalf of a class of individuals through the Consumer Protection Act resulting from the alleged unlawful sale of insurance, the total far exceeds the minimum jurisdictional amounts required for this Court to assume jurisdiction.

33. Plaintiff has also sought to recovery punitive damages on behalf of the class. Even a single multiplier of 1:1 on any award based on the relief requested above would again far exceed the minimum jurisdictional amounts for this case. See, *Plaintiff's Proposed Second Amended Complaint*, at p. 16.

34. Plaintiff has also asserted a right to recovery for "actual damages or a civil penalty" in accordance with W. Va. Code § 46A-6-106. See, *Plaintiff's Proposed Amended Complaint*, at p. 16.[8] The proposed penalty contemplated by this statute is Two Hundred Dollars ($200.00). An individual asserting a right to recovery under the statute can elect to seek the recovery of the $200.00 or actual damages, which is a potentially greater amount.

35. Assuming the Two Hundred Dollar ($200.00) award established by the statute is the lesser amount and utilized as the figure for computing the damages asserted on behalf of the putative class of individuals, the least amount that the class could recover would be Three Million Eight

---

[8] Plaintiff has asserted a right to recovery pursuant to W. Va. Code § 46A-6-106 directly against Safe-Guard. See, Plaintiff's Proposed Amended Complaint - Count IIIF - Unlawful Sale of Insurance (Class and Individual Claim) at p. 15-16.

Hundred Thirty-Seven Thousand Two Hundred Dollars ($3,837,200.00). While this number would not meet the minimum jurisdictional amount individually, when it is combined with any other potential claim, it only reinforces the fact that the minimum jurisdictional amounts are met to remove this case to federal court. If the recovery for this statutory claim is greater than the $200.00 provided by the statute, this claim asserted on behalf of the potential class could easily reach the minimum jurisdictional amount without recovery through any of the Plaintiff's other claims asserted on behalf of the class.[9]

36. Plaintiff also seeks to recover attorney fees incurred in the prosecution of this civil action. This matter has been litigated for over three (3) full years to this point, with an appeal to the West Virginia Supreme Court of Appeals already completed. Plaintiff has recently enlisted the services of the law firm of Bailey & Glasser to assist in the prosecution of this case. This will result in two separate law firms working on this case on behalf of Plaintiffs. This will inevitably lead to attorney fees that will likely exceed an $500,000.00.

37. Based on the plain reading of Plaintiff's Proposed Second Amended Complaint, the minimum damages that Plaintiff seeks to recover against Safe-Guard on behalf of a class of similarly situated individuals is Ninety Two Million Ninety-Two Thousand Eight-Hundred Dollars ($92,092,800.00), exclusive of any award for attorneys fees, annoyance, aggravation and inconvenience, or punitive damages. With these potential damages also added to Plaintiff's potential recovery, there is no dispute that the amounts asserted for recovery on behalf of Plaintiff and the associated, potential class of individuals, will far exceed the Five Million Dollar ($5,000,000.00) threshold for this Court to retain jurisdiction over this civil action.

38. "For purposes of determining subject matter jurisdiction, the Court may consider 'the type and extent of [Plaintiffs'] claims, injuries and damages recoverable therefore . . ..'" *Green v. Metal Sales Manufacturing Corporation*, 394 F.Supp.2d 864, 866; 2005 U.S. Dist. LEXIS 39584

---

[9] A recovery of merely $275.00 on behalf of every member of the class would result in a total recovery of $5,276,150.00 (19,186 x 275 = $5,276,150.00).

(S.D. W.Va. May 13, 2005), *quoting* in part *Watterson v. GMRI, Inc.*, 14 F. Supp.2d 844, 850 (S.D. W. Va. 1997) (discussing amount in controversy in removal of diversity jurisdiction matter).

39. The Court may also consider as evidence the judgment that would be entered if plaintiffs prevail on the merits of the case as it stands at the time of removal." *Green*, *supra* at 867, *quoting Watterson*, *supra* at 489.

40. When there is no specific demand for monetary relief in the proposed Second Amended Complaint, the court has no information about what the plaintiff *claims* to be entitled to. Lacking an expressed statement of the amount claimed, a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal. Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $5,000,000.00, then the defendant has met its burden of proof. *Scaralto v. Ferrell,* 826 F. Supp. 2d 960 (S.D.W.Va. 2011) citing *Rehkemper & Son, Inc. v. Indiana Lumbermens Mutual Ins. Co.*, No. 09-858, 2010 U.S. Dist. LEXIS 11637, 2010 WL 547167, at *2 (S.D. Ill. Feb. 10, 2010) (discussing removal of diversity jurisdiction case).

**B.) The Requirement That A Plaintiff And Defendant Be From Different States Has Been Met**

41. For purposes of assuming jurisdiction pursuant to the Act, federal district courts have original jurisdiction of a class action where any member of a class of plaintiffs is a citizen of a different State than any defendant, providing that Act's other requirements are satisfied. §1332(d)(2)(A).

42. Plaintiff has correctly alleged that Safe-Guard is a Georgia limited liability company. See, *Plaintiff's Proposed Amended Complaint*, at p. 2.

43. Plaintiff Hinkle is resident and citizen of Debarton, Mingo County, West Virginia resident. See, *Plaintiff's Proposed Amended Complaint*, at p. 1.

44. Plaintiff has asserted class allegations "on behalf of herself and a class of similarly situated *West Virginia residents* who purchased a 'GAP Contact Insurance Policy' issued by Defendant Safe-Guard Products International." See, *Id., at p. 6; Count II, Paragraph XVII*.

45. As of the timing of the removal of this civil action from the Circuit Court of Mingo County, West Virginia, the claims against the other defendants who were West Virginia residents have been resolved with the exception of Johnny Hinkle, who was added as a putative necessary party by Plaintiff.[10]

46. For those purposes, the requirement of having a Plaintiff and Defendant from separate states has been met.

**C.)    The Numerosity Requirement for Removal Of This Action Has Been Met**

47. Plaintiff's Proposed Second Amended Complaint plainly states that it is asserting class allegations on behalf of <u>all</u> individuals that purchased Safe-Guard GAP Addendums in West Virginia. See, *Plaintiff's Proposed Second Amended Complaint*, *Count II*, p. 6. Furthermore, Plaintiff has asserted allegations individually, and on behalf of the proposed class of individuals for the unlawful sale of insurance in West Virginia by Safe-Guard.

48. As earlier noted, between approximately 2003 and 2013, Safe-Guard sold 19,186 GAP Addendums in West Virginia. See, *Safe-Guard Answers and Response to Plaintiff's Interrogatories and Requests for Production*, at p. 1-2. Because Plaintiff's claims for the unlawful sale of insurance would be applicable to the entire purported class of individuals, the numerosity requirement of having at least one hundred (100) individuals in the class would be easily met. See, *Caufield v. EMC Mortgage Corp.*, 803 F.Supp.2d 519 (S.D. W.Va. 2011) (discussing numerosity requirement).

49. Additionally, even assuming that the total number of individuals that purchased the GAP Addendum did not constitute the class of individuals on whose behalf Plaintiff Hinkle sought

---

[10] The claims against the "West Virginia" Defendants all arose from the car accident and not from any issues related to the claims based on the Safe-Guard GAP Addendum.

to assert claims, there were a total of 589 individuals that submitted claims based on the GAP Addendums that they had purchased. See, See, *Safe-Guard Answers and Response to Plaintiff's Interrogatories and Requests for Production*, at p. 1-2.

44. Plaintiff's Proposed Second Amended Complaint seeks to assert class allegations for violation of the Unfair Trade Practices Act, W. Va. Code § 33-11-1, *et seq* on behalf of all potential class members. Included within these allegations, Plaintiff has asserted that Safe-Guard "fail[ed] to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies" and "fail[ed] to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies[.]" See, *Plaintiff's Proposed Second Amended Complaint*, at p. 13; Paragraph XXXIX(b) and (c).

45. Because these two, specific allegations purportedly apply to all individuals that would have submitted claims (589 total) the requirement of 100 individuals being part of a class in order for this Court to retain jurisdiction has been met a second time through different means.

WHEREFORE, Defendant, Safe-Guard prays that the aforesaid civil action be removed from the Circuit Court of Mingo County, West Virginia to the United States District Court for the Southern District of West Virginia and that the said State Court proceed no further with this action.

Respectfully submitted the 9th day of October, 2015.

                                                  **Defendant, SAFE-GUARD PRODUCTS INTERNATIONAL, LLC, By Counsel:**

/s/ *Jeffrey D. Van Volkenburg*
James A. Varner, Sr. (WV State Bar #3853)
Debra Tedeschi Varner (WV State Bar #6501)
Jeffrey D. Van Volkenburg (WV State Bar #10227)
Empire Building - 400 West Main Street
P. O. Drawer 2040
Clarksburg, WV 26302-2040
Telephone: (304) 626-1100
Facsimile: (304) 623-3035

McNeer, Highland, McMunn and Varner, L.C.
        Of Counsel

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ROBIN L. HINKLE,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:15-13856
                                    (Mingo County Civil Action No.
                                    12-C-202)

CASEY JOE MATTHEWS, TIMOTHY
MAY and CONNIE MAY, husband and wife,
SANTANDER CONSUMER, USA, INC., an
Illinois corporation; SAFE-GUARD PRODUCTS
INTERNATIONAL, LLC, a Georgia limited
liability company; and JOHNNY HINKLE,

        Defendants.

## CERTIFICATE OF SERVICE

        I hereby certify that on the 9th day of October, 2015, I served the foregoing "**SAFE-GUARD PRODUCTS INTERNATIONAL, LLC'S NOTICE OF REMOVAL**" upon counsel of record by depositing true copies thereof in the United States mail, postage prepaid, in envelopes addressed as follows:

Howard M. Persinger, III, Esquire
Persinger & Persinger, L.C.
101 Dickinson Street
Williamson, WV 25661

Jonathan R. Marshall, Esquire
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301

James L. Kauffman (admitted *pro hac vice*)
Bailey & Glasser, LLP
1054 31st Street, NW
Suite 230
Washington, D.C. 20007

Daniel J. Konrad, Esquire
Huddleston Bolen, LLP
P. O. Box 2185
Huntington, WV 25722

Johnny Hinkle
Post Office Box 134
Varney, WV 25696

                                                      /s/ *Jeffrey D. VanVolkenburg*