IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

ROBIN L. HINKLE,

    Plaintiff,

Civil Action No.: 12-C-202

v.

CASEY JOE MATTHEWS,
TIMOTHY MAY and CONNIE MAY,
husband and wife, SANTANDER
CONSUMER, USA, INC., an Illinois
corporation; SAFE-GUARD PRODUCTS
INTERNATIONAL, LLC, a Georgia limited
liability company; and JOHNNY HINKLE,

    Defendants.

## COMPLAINT

## COUNT I

-I-

Plaintiff is a resident and citizen of Delbarton, Mingo County, West Virginia.

-II-

Defendant Casey Matthews is a resident and citizen of Delbarton, Mingo County, West Virginia.

-III-

Defendants Timothy and Connie May are husband and wife and residents of Gilbert, Mingo County, West Virginia.

1

-IV-

Defendant Santander Consumer USA, Inc., is a corporation duly organized under the laws of the State of Illinois, but is and was, at all times relevant herein, licensed and authorized to do business in the State of West Virginia, and, in fact, is doing business in Mingo County, West Virginia.

-V-

Defendant Safe-Guard Products, LLC, is a limited liability company organized under the laws of the State of Georgia, but is and was, at all times relevant herein, licensed and authorized to do business in the State of West Virginia, and, in fact, is doing business in Mingo County, West Virginia.

-VI-

Defendant Johnny Hinkle is a resident of Delbarton, Mingo County, West Virginia. At all times relevant herein he was married to plaintiff Robin L. Hinkle, until May 15, 2012, when a decree of divorce was entered by the Circuit Court of Mingo County, West Virginia. Defendant Johnny Hinkle, along with plaintiff Robin L. Hinkle, was the co-owner, in joint tenancy, of a 2006 Chevrolet Monte Carlo, VIN No. 2G1WJ15K069301365. As such he is a necessary party to this action within the meaning of *W.Va.R.Civ.P. 19(a)*.

-VII-

On the 1st day of June, 2011, plaintiff Robin L. Hinkle was operating the aforesaid 2006 Chevrolet Monte Carlo, in a northerly direction on US Route 52, at Varney, in Mingo County, West Virginia.

### -VIII -

On the day and date, and at the place aforesaid, defendant Casey Matthews was operating in a southerly direction on said public highway, and in a negligent and careless manner, a 2004 Jeep Liberty automobile, owned by the defendants Timothy and Connie May, with their permission. On the aforesaid day and date, defendant Casey Matthews did not have a valid driver's license, his license having been previously suspended by the State of West Virginia. Moreover, on information and belief, defendant Matthews had been consuming alcohol with defendant Timothy May, shortly before his operation of the aforesaid Jeep Liberty, at which time he was intoxicated.

### -IX-

On the aforesaid day and date, defendants Timothy and Connie May, knew or should have known that defendant Casey Matthews was intoxicated and did not possess a valid driver's license to operate motor vehicles on the public highways of the State of West Virginia, but defendants Timothy and Connie May nevertheless negligently entrusted defendant Matthews with their 2004 Jeep Liberty and allowed Matthews to operate the same on the public highways. Defendants Timothy and Connie May's conduct in this regard created an unreasonable risk of harm to third-parties, including plaintiff Robin L. Hinkle, which defendants Timothy and Connie May either realized or should have realized.

### -X-

As direct and proximate result of the negligence of defendants, Casey Matthews, Timothy May and Connie May, as aforesaid, the 2004 Jeep Liberty motor vehicle crossed the center line of the public highway and struck the motor vehicle owned by

plaintiff Robin L. Hinkle and defendant Johnny Hinkle and being then and there operated by plaintiff Robin L. Hinkle.

-XI-

As a further direct and proximate result of the negligence of the defendants Casey Matthews, Timothy May and Connie May, as aforesaid, plaintiff Robin L. Hinkle sustained trauma to her head and left ankle; sustained pain of body and mind, mental anguish, suffering, and loss of enjoyment of life.

-XII-

As a further direct and proximate result of the negligence of defendants Casey Matthews, Timothy May and Connie May, the aforesaid 2006 Chevrolet Monte Carlo owned by plaintiff Robin L. Hinkle and defendant Johnny Hinkle was damaged to the point that it was rendered undriveable and a total loss, resulting in loss of its use to plaintiff. As a direct result, plaintiff suffered and continues to suffer annoyance and inconvenience. Plaintiff has incurred car rental bills in the amount of six hundred seventy-two dollars and seventy-eight cents ($672.78).

-XIII-

As a further direct and proximate result of the negligence of the defendants Casey Matthews, Timothy May and Connie May, as aforesaid, plaintiff Robin L. Hinkle has incurred hospital, doctor, and medical expenses in the amount of six thousand five hundred ninety-three dollars and fifty cents ($6,593.50), and was required to miss work, resulting in a loss of earnings.

-XIV-

As a further direct and proximate result of the negligence of defendants Casey Matthews, Timothy and Connie May, as aforesaid, Robin L. Hinkle has incurred

damages in the amount of four thousand six hundred ninety-eight dollars and eighty-one cents ($4,698.81), representing the "gap" or deficiency between the actual cash value of the totaled 2006 Monte Carlo and the unpaid net balance or the "Retained Installment Contract or Security Agreement" which she entered into in order to finance its purchase. The allegations of which are incorporated herein by reference as if the same were set forth in full in Court.

-XV-

Upon information and belief, the defendants Casey Matthews, Timothy May and Connie May, were uninsured and/or underinsured motorists. Therefore, State Farm Mutual Automobile Insurance Company may be responsible for the said damages sustained by plaintiff Robin L. Hinkle by reason of the uninsured/underinsured motorist policy provisions of Policy No. 200 7560-B14-48C on the aforesaid 2006 Chevrolet Monte Carlo owned by the plaintiff Robin L. Hinkle and defendant Johnny Hinkle and insured by the aforesaid State Farm Mutual Automobile Insurance Company, and, as a result, plaintiff is entitled to the benefits thereof. Therefore, notice of this action is hereby given by plaintiff to said insurer.

**WHEREFORE**, plaintiff ROBIN L. HINKLE demands judgment of and from the defendants Casey Matthews, Timothy May and Connie May, jointly and severally, in an amount sufficient to compensate her for her damages as alleged herein, interest from the date her damages were sustained, and her costs of this action.

## COUNT II

### -XVI-

Plaintiff Robin L. Hinkle refers to all allegations set forth in Count I of the Complaint, and incorporates the same by reference in Count II, as if the same were set forth in full in Count II.

Plaintiff Robin L. Hinkle and defendant Johnny Hinkle (hereinafter the "Hinkles") purchased the aforesaid 2006 Chevrolet Monte Carlo in July 2006 and financed the purchase by entering into a "Retail Installment Contract and Security Agreement" with the dealer, C & O Motors, Inc. of St. Albans, W.Va. As part of the purchase transaction, the Hinkle's also purchased so-called "Gap Insurance" from C & O, through defendant Safe-Guard Products International, LLC. The Hinkles paid four hundred ninety-five dollars ($495.00) to defendant Safe-Guard Products International, LLC, for the aforesaid insurance coverage.

### -XVII-

In order to secure the aforesaid "Gap Insurance," the Hinkles entered into a so-called "Gap Contract Insurance Policy" or "Deficiency Waiver Addendum" which was a policy of insurance issued by defendant Safe Guard Products International, LLC, and to which the dealer, C & O Motors, Inc. and its assignees were also parties and which provided in relevant part:

> Due to this addendum being in effect, the Dealer [C &O]/assignee agrees to cancel a portion of the Customer's indebtedness in the event of a total Loss of the vehicle as defined herein. The Deficiency Waiver Addendum will waive the amount equal to the Unpaid Net Balance less the Actual Cash Value (ACV) of the Vehicle, both as defined herein . .

-XVIII-

Based upon statements made by agents for defendant Safe Guard Products International, LLC at the time the aforesaid "Gap Contract Insurance Policy" was made, plaintiff reasonably believed and expected that said insurance would provide coverage up to the amount of any deficiency or "gap" she and her then husband might be left owing under the "Retail Installment Contract and Security Agreement" as a result of the unpaid balance due exceeding the vehicle's actual cash value after the vehicle's total loss in a crash or accident.

-XIX-

Thereafter, the dealer, C & O Motors, Inc., assigned its rights and obligations under both the aforesaid "Retail Installment Contract and Security Agreement" and "Gap Contract," to Citifinancial Auto, which upon information and belief, reassigned the same to defendant Santander Consumer, U.S.A., Inc., which held said assignment on June 1, 2011, and continues to hold said assignment.

-XX-

On June 1, 2011, the Hinkle's owed a balance of eleven thousand nine hundred eighty-three dollars and eighty-one cents ($11,983.81) on the aforesaid 2006 Chevrolet Monte Carlo, under the aforesaid "Retail Installment Contract and Security Agreement." Following the aforesaid crash, State Farm Mutual Automobile Insurance Company, which insured the 2006 Chevrolet Monte Carlo declared the same a total loss and, in accordance with the terms of Policy No. 200 7560-B14-48C paid over an amount representing the 2006 Chevrolet Monte Carlo's actual cash value to defendant Santander Consumer USA, Inc., leaving a deficiency of four thousand six hundred

ninety-eight dollars and eighty-one cents ($4,698.81) relative to the aforesaid totaled vehicle.

-XXI-

Immediately after the aforesaid crash, plaintiff Robin L. Hinkle began contacting defendant Safe-Guard Products International, LLC, and began requesting, in accordance with its "Gap Contract Insurance Policy", it pay the deficiency to the dealer's assignee and extinguish the remaining gap debt ostensibly owed by the Hinkles under the "Retail Installment Contract and Security Agreement."

-XXII-

By letter dated July 21, 2011, defendant Safe-Guard Products International, LLC wrongfully refused to provide benefits under the policy in order to extinguish the deficiency allegedly owed by the Hinkles.

-XXIII-

In the alternative, the aforesaid deficiency should have been waived by the dealer's assignee, Santander Consumer USA, Inc., in accordance with the express terms of the aforesaid "Gap Contract Insurance Policy." However, despite written requests that it acknowledge this waiver, defendant Santander Consumer, USA has refused to acknowledge the same and continues to wrongfully attempt to collect the deficiency amounts from the Hinkles.

-XXIV-

Any benefits or waiver of obligation to which plaintiff Robin L. Hinkle is entitled under the "Gap Contract Insurance Policy" would be a collateral source, bought and paid for by plaintiff, and not susceptible to set off by defendants Casey Matthew, and Timothy and Connie May.

## COUNT IIA – BREACH OF CONTRACT

### -XXV-

By engaging in the conduct alleged hereinabove the defendants Safe-Guard Products International, LLC and Santander Consumer USA, Inc., have failed to comply with the terms of their "Gap Contract Insurance Policy" and the reasonable expectations of the plaintiff Robin L. Hinkle, and breached the terms thereof. Said breach has proximately resulted and in the future shall result in losses and damages sustained by plaintiff, including financial loss, attorney's fees and costs incurred in prosecuting this action, humiliation, embarrassment, delay, annoyance, inconvenience, and litigation costs associated with the prosecution of this action, for all of which defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., are liable jointly and severely.

## COUNT IIB – COMMON LAW BAD FAITH

### -XXVI-

As part of the aforesaid contractual relationship between defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc. and plaintiff Robin L. Hinkle and defendant Johnny Hinkle, there existed duty upon the defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., their agents and employees, to conduct themselves in the upmost good faith and at all times deal fairly with their insureds including plaintiff Robin L. Hinkle.

### -XXVII-

The conduct of defendants Safe-Guard Products International, LLC and Santander Consumer USA, Inc., as set forth herein, constitutes a breach of said

defendants' obligations of good faith and fair dealing. Said breach has proximately resulted, and in the future shall proximately result, in losses and damages sustained by plaintiff, including financial loss, attorney's fees and costs incurred in prosecuting this action, humiliation, embarrassment, delay, annoyance, inconvenience, and litigation costs associated with the prosecution of this action, for all of which defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., are liable jointly and severely.

## COUNT IIC – UNFAIR TRADE PRACTICES

### -XXVIII-

The defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., are, and at all times material hereto were, engaged in the business of insurance in the State of West Virginia, and are therefore subject to and regulated by the West Virginia State Insurance Code, including the Unfair Trade of Practices Act, *West Virginia Code §33-11-1, et seq.* as well as all regulations promulgated thereunder.

### -XXIX-

Plaintiff is a party to contracts of insurance with the defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc. and was a member of a class of persons thought to be protected by the West Virginia State Insurance Code, and Unfair Trade of Practices Act, West Virginia Code *§33-11-1, et seq.* as well as all regulations promulgated thereunder.

-XXX-

As a direct and approximate result of their conduct and omissions as alleged hereinabove, defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., have violated their statutory duties set forth in the Unfair Trade Practices Act in *West Virginia Code §33-11-4, et seq.* as well as all regulations promulgated thereunder, and in further doing so in such frequency as to indicated general business practice to do the following:

    (a)    Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;
    (b)    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
    (c)    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and
    (d)    Refusing to pay claims without conducting a reasonable investigation based upon all available information.

-XXXI-

As a proximate result of defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., breach of their statutory regulatory duties as stated herein, plaintiff has suffered and shall continue to suffer damages in the form of financial loss, attorney's fees and costs incurred in prosecuting this action, humiliation, embarrassment, delay, annoyance, inconvenience, and litigation costs associated with the prosecution of this action, for all of which defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., are liable jointly and severally.

## COUNT IID – DECLARATORY JUDGMENT

### -XXXII-

In accordance with the provisions of *West Virginia Code §§55-13-1, et seq.*, plaintiff respectfully requests the Court enter declaratory judgment in her favor and declaring that under the express terms of the aforesaid "Gap Contract Insurance Policy," she and defendant Johnny Hinkle are entitled to recover benefits, up to the limits of aforesaid deficiency and/or that said deficiency has been waived and plaintiff and defendant Johnny Hinkle have no further obligations under the aforesaid "Retail Installment Contract and Security Agreement."

## COUNT IIE-PUNITIVE DAMAGES

### -XXXIII-

The conduct of the defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., as aforesaid, was done with conscious disregard of plaintiff's rights and the intent to wrongly inflate the aforesaid defendants' profits at the expense of, and with utter disregard for the legal and contractual rights of, plaintiff, and their insured. Such acts and omissions on the part of the aforesaid defendants, constitute willful and wanton conduct, thereby entitling plaintiff to punitive damages against the defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc.

**WHEREFORE**, plaintiff Robin L. Hinkle demands that she be awarded judgment against defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., as follows:

    (a)    For compensatory damages, jointly and severally, in an amount to be established at trial, sufficient to compensate her for all past and future damages losses, as alleged herein, along with her attorneys fees, costs of action and interest in the statutory amount; and

    (b)    For punitive damages in an amount to be determined by the Court.

**WHEREFORE** as a result of the foregoing, plaintiff Robin L. Hinkle requests the Court declare: (1) the aforesaid deficiency has been waived; (2) plaintiff and defendant Johnny Hinkle have no further obligations under the aforesaid "Retail Installment Contract and Security Agreement"; (3) based on the facts herein set forth, the Court declare plaintiff, Robin L. Hinkle, is entitled to Declaratory Judgment against defendants Safe-Guard Products International, LLC, and Santander Consumer USA, Inc., and entitled to recover up to the limits of the "Gap Contract Insurance Policy," and (4) plaintiff be awarded attorney fees, her costs of action, and such other, further and general relief as the Court may deem fair and just for having to prosecute this Declaratory Judgment against an insurer otherwise responsible for payment of the same policy benefits this action seeks to compel.

**Plaintiff Demands A Trial By Jury On All Issues So Triable In Both Counts I And II.**

                                                                                        **ROBIN L. HINKLE,**
                                                                                        By Counsel,

_/s/ Howard M. Persinger, III_

**HOWARD M. PERSINGER, III**
W.Va. State Bar ID # 6943
Persinger & Persinger, L.C.
101 Dickenson Street
Williamson, W.V 25661
(304) 235-2000 phone
(304) 235-3018 fax
Hmp3@persingerlaw.com