IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

ROBIN L. HINKLE,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 12-C-202

CASEY JOE MATTHEWS, TIMOTHY
MAY and CONNIE MAY, husband and wife,
SANTANDER CONSUMER, USA, INC., an
Illinois corporation; SAFE-GUARD PRODUCTS
INTERNATIONAL, LLC, a Georgia limited
liability company; and JOHNNY HINKLE,

        Defendants.

## RESPONSE OF SAFE-GUARD PRODUCTS INTERNATIONAL, LLC IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

        COMES NOW, Defendant Safe-Guard Products International, LLC ("Safe-Guard"), by and through counsel, James A. Varner, Sr., Debra Tedeschi Varner, Jeffrey D. Van Volkenburg, and the law firm of McNeer, Highland, McMunn and Varner, L.C., and submits the following response to Plaintiff's motion to amend the complaint in this civil action. Because Plaintiff has failed to timely move to amend her Complaint to assert allegations for class certification, which are premised entirely on causes of action asserted in the original complaint, Plaintiff's motion to amend the complaint must be denied. Furthermore, Safe-Guard will be significantly prejudiced by the proposed amendment to the Complaint, necessitating denial of Plaintiff's motion. In further support of entry of an order denying Plaintiff's motion to amend, the following is stated:

### I. FACTUAL BACKGROUND

        Plaintiff Robin Hinkle's (hereafter, "Plaintiff") claims against Defendant Safe-Guard arise from the purchase of a Safe-Guard GAP Addendum from C&O Motors in 2006 and subsequent denial of her request to have the outstanding debt from the purchase of an automobile relieved following an automobile accident on or about June 1, 2011.

This civil action was filed on or about July 20, 2012, in the Circuit Court of Mingo County, West Virginia. Plaintiff's complaint originally asserted allegations of breach of contract, violation of the Unfair Trade Practices Act ("UTPA") (W.Va. Code § 33-11-1, *et seq.*), as well as common law bad faith against defendant Safe-Guard.[1]

On or about March 7, 2013, at a hearing before the Circuit Court of Mingo County, Plaintiff requested and was granted a briefing schedule on the issue of whether Safe-Guard's GAP Addendum constituted insurance. See, *Amended Time Frame Order*, entered March 21, 2013.

Plaintiff, Safe-Guard and Santander extensively briefed the issue. Following the submission of the briefing, several hearings were held on this issue. Ultimately, on or about October 16, 2014, this Honorable Court ruled that the Safe-Guard GAP Addendum did constitute insurance for purposes of the West Virginia insurance regulations and West Virginia Code § 33-11-1, *et seq*. On or about November 3, 2014, Safe-Guard filed request for a writ of prohibition with the West Virginia Supreme Court of Appeals following the ruling by this Honorable Court. Through an opinion released on March 11, 2015, the West Virginia Supreme Court of Appeals declined the requested writ.

On or about May 29, 2015, Plaintiff filed a motion with this Court to amend her complaint to assert class allegations against Defendants Safe-Guard and Santander for all claims, and further moved to amend the complaint to assert a cause of action that Safe-Guard had engaged in the unauthorized sale of insurance. See, *Plaintiff's Proposed Second Amended Complaint*.

During the pendency of the civil action, prior to this Court's ruling which granted Plaintiff's motion for summary judgment on the issue of insurance, the parties had exchanged and served expert witness disclosures and discovery related to Plaintiff's claims of bad faith and the violation of the UTPA and common law bad faith as related to Safe-Guard. Attached hereto as *Exhibit A* are

---

[1] Plaintiff also asserted allegations against defendant Santander Consumer USA, Inc. ("Santander"), including, but not limited to, breach of contract and violation of the UTPA. Plaintiff also asserted claims for breach of the Consumer Protection Act against Santander. Plaintiff's original complaint also asserted claims against several defendants involved in the automobile accident which lead to the filing of this civil action. At this time, Plaintiff's only remaining claims are asserted against defendants Safe-Guard, Santander, in addition to a claim for underinsured motorist benefits.

pertinent portions of Plaintiff's answers and responses to discovery served by Defendant Safe-Guard. In her discovery responses, Plaintiff cited to various portions of the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-1, *et seq.*, which Plaintiff alleged in support of her claims for bad faith against Safe-Guard. *See*, Plaintiff's *Answers to Interrogatories and Requests for Production of Documents Directed to Plaintiff, Robin L. Hinkle, from Defendant Safe-Guard Products International, LLC*, at pp. 3-4, 9 (Exhibit A). Plaintiff noted the damages that she believed she was entitled to arising from the claims of bad faith and violation of the UTPA. *See, Id.,* at p. 7.

During discovery in this civil action, Plaintiff also disclosed Vincent King, Esq., as an expert witness related to claims of bad faith and violations of the UTPA.[2] While the Circuit Court did not ultimately rule on the issue of Plaintiff's motion for partial summary judgment requesting a determination that the Safe-Guard GAP Addendum constituted insurance until late 2014, the parties necessarily completed discovery related to Plaintiff's bad faith claims prior to the Court's ruling. This discovery was completed to develop the factual underpinnings and potential legal arguments that might be asserted on these issues.

Importantly, for purposes of Plaintiff's current motion to amend the complaint, the file of Plaintiff's expert witness contained references to "class action" issues. See, *Depo. Trans. Vincent King*, at p. 30:10-18, attached hereto as *Exhibit B*. Mr. King's deposition was completed on January 17, 2014, which was approximately a year and a half after the filing of the instant civil action. Despite reference to potential class action related to issues by Plaintiff's own expert, Plaintiff never moved to assert the formal class allegations until after the ruling of the West Virginia Supreme Court of Appeals became final, on or about May 19, 2015.

Factually, there was no discovery or other factual development completed between the deposition of Mr. King and the assertion of class allegations in May 2015 that would have excused the untimely filing and assertion of class allegations that Plaintiff now seeks to bring before this

---

[2] Defendant Safe-Guard disclosed J. Rudy Martin as an expert witness related to the claims and allegations pertaining to bad faith and violation of the UTPA.

Court. Because of Plaintiff's delay in the assertion of class allegations in this civil action, Plaintiff's motion to amend the complaint, which is currently pending, must be denied.

## II. STANDARD OF REVIEW

Rule 15 of the West Virginia Rules of Civil Procedure governs potential motions to amend pleadings.

> "Rule 15, by its own terms, is to be construed liberally in order to promote the consideration of claims on their merits. Rule 15(a) states that leave to amend a complaint should be 'freely given when justice so requires,' and we have held that amendments to pleadings should rarely be denied. 'The purpose of this policy statement is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments.' Franklin D. Cleckley, et al., Litigation Handbook on West Virginia Rules of Civil Procedure § 15(a) at 334 [Juris Publishing, 2002]. See also, Syllabus Point 3, *Rosier v. Garron, Inc.*, 156 W.Va. 861, 199 S.E.2d 50 (1973). "The goal behind Rule 15, as with all the Rules of Civil Procedure, is to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001) (citations omitted). See also, *Perdue v. S.J. Groves & Sons Co.*, 152 W.Va. 222, 161 S.E.2d 250 (1968) (recognizing liberality to amend pleadings existed prior to the adoption of the West Virginia Rules of Civil Procedure).

*Brooks v. Isinghood*, 213 W. Va. 675, 684, 584 S.E.2d 531, 540 (2003). While the standard for permitting the amendment of a complaint is liberal, the ability of a party to amend a complaint to assert claims on behalf of new parties is not unlimited. The West Virginia Supreme Court of Appeals has placed limitations on the potential to add a new party plaintiff or plaintiffs after the statute of limitations has run. "A motion for leave to amend a complaint under Rule 15(a) to add additional parties plaintiff after the applicable statute of limitations has run is governed by the following criteria: (1) Whether the claim asserted by the added parties arose out of 'the conduct, transaction or occurrence' as required in Rule 15(c); (2) whether the defendant has received adequate notice of the claim against him; (3) *whether the defendant would be unfairly prejudiced; and (4) whether there is an 'identity of interest' between the original party plaintiff and the added parties.*" See, *Brooks v. Isinghood*, 213 W. Va. 675, 684-85, 584 S.E.2d 531, 540-41 (2003), citing Syl. Pt. 2, *Plum v. Mitter*, 157 W.Va. 773, 204 S.E.2d 8 (1974).

## III. LEGAL ARGUMENT

The issue for this Court's determination is whether Plaintiff's unjustified delay in asserting relief on behalf of a class of individuals, premised on the conduct asserted in Plaintiff's original complaint, may be excused by this Court pursuant to the guidelines announced in Rule 15 of the West Virginia Rules of Civil Procedure, and case law that has addressed similar claims.

> A. **There Was No Prohibition Against Plaintiff Asserting Claims That Arose from the Conduct Alleged in the Original Complaint on Behalf of Any Class or Allegedly Similarly-Situated Individuals.**

It is beyond dispute that Plaintiff could have asserted allegations on behalf of a class of individuals at any time from the filing of this civil action in 2012 until the decision rendered by the West Virginia Supreme Court of Appeals on March 11, 2015. Plaintiff is likely to counter this argument through assertions that there needed to be a final determination concerning the issue of whether the Safe-Guard GAP Addendum constituted insurance, before class claims could be asserted. This argument is a red herring.

Plaintiff's proposed Second Amended Complaint seeks to assert class allegations sounding in bad faith <u>and</u> breach of contract. Both of these causes of action were included in Plaintiff's previously filed Complaint and First Amended Complaint. The ability of Plaintiff to assert a breach of contract claim against Safe-Guard has never been disputed by Safe-Guard at any point during the three year history of this civil action.[3] While the potential assertion of a class action in relation to insurance related claims is vehemently denied by Safe-Guard, the fact that Plaintiff now seeks to assert claims on behalf of a class for <u>all</u> previously pending claims is fatal to the pending motion. Plaintiff's breach of contract claim was not impacted by the issue concerning whether Safe-Guard's GAP Addendum constituted insurance. As a result, there is no viable reason for a three year delay in the assertion of class allegations based on the alleged breach of contract. In reality, the same analysis can and must be applied to Plaintiff's motion to amend to assert insurance based claims.

---

[3] While Safe-Guard does not dispute Plaintiff's right to assert a breach of contract claim, the plain language of the GAP Addendum precludes any recovery on this theory by Plaintiff.

Any assertion that Plaintiff could only amend her complaint to assert class allegations <u>after</u> the Supreme Court's ruling on the issue of whether Safe-Guard's GAP Addendum is insurance is incorrect.[4] Plaintiff could have asserted class allegations at any point from the date of the filing of Plaintiff's Complaint in 2012 or any point thereafter.

As the Court will note, Defendant Safe-Guard filed a motion to dismiss Plaintiff's claims for bad faith and violations of the UTPA immediately following the filing of Plaintiff's original complaint in 2012. [*Safe-Guard Products International, LLC's Motion to Dismiss and Answer to Plaintiff's Complaint*, filed on or about September 29, 2012. On or about October 22, 2012, this Court heard Safe-Guard's motion to dismiss Plaintiff's allegations sounding in bad faith and violation of the UTPA. The Court, via order entered November 19, 2012, denied Defendant Safe-Guard's motion to dismiss these allegations. Consequently, as early as November, 2012, Plaintiff's claims sounding in bad faith and violation of the UTPA survived the early motion to dismiss and remained pending, following which time the parties proceeded to engage in significant and thorough discovery on issues related to those claims.

Despite the fact that the Circuit Court permitted the Plaintiff's insurance based claims to proceed at least until the summary judgment phase, and despite the fact that Plaintiff's own expert witness was aware of the potential for the assertion of a class action on behalf of allegedly similarly-situated individuals, Plaintiff failed to move to amend the complaint to assert allegations on behalf of a class at any point for almost three years after the filing of Plaintiff's original Complaint. It is beyond dispute, that this delay in the assertion of claims has resulted in prejudice to Safe-Guard as well as the other remaining defendants in this civil action. Specifically, Safe-Guard is now faced with the prospect of defending class-action allegations after the significant lapse of time following receipt of Plaintiff's Complaint, which, upon information and belief, was the first time that any

---

[4] Plaintiff cannot argue that she was prohibited from asserting class allegations against Safe-Guard for breach of contract claims prior to May 2015. To the contrary, irrespective of whether the Supreme Court issued its ruling on the issue of whether Safe-Guard's product constituted insurance, Plaintiff could have asserted class allegations against Safe-Guard from the time of the filing of the Complaint in 2012 until present, but purposefully chose not to do so for strategic reasons.

individual had made the assertion that Safe-Guard's GAP Addendum constituted insurance. As a result, there is the potential for individuals that purchased the GAP Addendum between the time of the filing of Plaintiff's Complaint and the Court's ruling to be swept into a class action when their claims would have previously been limited to a simple breach of contract claim in the event their claims were denied.

As the Court will note, and Plaintiff must acknowledge, Plaintiff has asserted various non-insurance related claims against both Safe-Guard and Santander. *See*, Plaintiff's Complaint, filed July 20, 2012, and Plaintiff's First Amended Complaint, filed July 12, 2013, asserting claims against Safe-Guard and Santander for breach of contract. Further, Plaintiff's Complaint and First Amended Complaint asserted claims for violation of the Consumer Protection Act against Santander. Consequently, there was no reason for any delay in the assertion of class allegations for breach of contract or violation of the Consumer Protection Act in this case, as these claims were not dependent on this Court's resolution of the issue of whether the Safe-Guard GAP Addendum constituted insurance.

For these reasons, Plaintiff's motion to amend the complaint to assert allegations on behalf of the class must be denied.

B. **There Can Be No "Identity of Interest" Between The Newly Added Plaintiffs and Plaintiff Hinkle Necessitating Denial of Plaintiff's Motion To Amend**

Safe-Guard concedes that the proposed class action that Plaintiff now seeks to assert will likely have a single common element - the individuals will have purchased Safe-Guard Gap Addendums. However, the proposed newly added class of Plaintiffs will have significant differences and lack a true "identity of interest" warranting denial of Plaintiff's motion. Specifically, because Plaintiff has chosen to assert class allegations, while including her underinsured claims against State Farm, there can be no "identity of interest" between Plaintiff and any other proposed member of the class due to the clear fact that not every member of the class will have a pending underinsured claim against State Farm. Furthermore, Plaintiff made the strategic decision to include her ex-husband

Johnny Hinkle as a party defendant in this civil action. As a result, the other class members will also have to assert claims against Mr. Hinkle for Plaintiff to be able to meet the "identity of interest" requirement announced in *Brooks v. Isinghood, supra.* Because they would have no standing to assert a claim against Mr. Hinkle, there can be no "identity of interest" and Plaintiff's motion must be denied.

### C. Plaintiff's Proposed Amendment To The Complaint Seeks Retroactive Application To An As Yet Unidentified Group of Plaintiffs Which Should Be Prohibited Based On Settled Case Law

Plaintiff's proposed Second Amended Complaint seeks to retroactively apply the West Virginia Supreme Court's denial of Safe-Guard's writ of prohibition in this civil action to assert a claim for the unauthorized sale of insurance. The determination of whether Safe-Guard's GAP Addendum constitutes "insurance" for purposes of regulation under the West Virginia Office of the Insurance Commissioner constituted an issue of first impression for this type of product in West Virginia. Plaintiff's proposed amendment asks this Court to retroactively apply the West Virginia Supreme Court's holding to a swath of purchasers of the GAP Addendum. Plaintiff's proposed claim sounding in the unauthorized sale of insurance on behalf of a class may result in extreme prejudice as the proposed amendment seeks to impose a requirement that was not in effect until May 2015.

Safe-Guard vehemently denies that claims for those individuals that purchased the GAP Addendum prior to the Court's ruling on the issue of insurance will be able to assert retroactive insurance based claims against Safe-Guard. However, Plaintiff's proposed Second Amended Complaint is highly prejudicial in that it must inherently seek recovery for those individuals that purchased a GAP Addendum prior to the Supreme Court's recent ruling, thereby asking Safe-Guard to defend against claims which previously would not have been considered viable under the guidelines announced by the West Virginia Insurance Commissioner. For these additional reasons, Plaintiff's motion to amend must be denied. See, *Brooks v. Isinghood*, 213 W. Va. 675, 684-85, 584 S.E.2d 531, 540-41 (2003).

WHEREFORE, for all the foregoing, Safe-Guard respectfully requests that Plaintiff's motion to amend her Complaint as related to allegations of class certification for all claims and the unauthorized sale of insurance as to Safe-Guard, be denied.

Respectfully submitted the 17th of July, 2015.

**Defendant, SAFE-GUARD PRODUCTS INTERNATIONAL, LLC, By Counsel:**

_____
James A. Varner, Sr.  (WV State Bar #3853)
Debra Tedeschi Varner  (WV State Bar #6501)
Jeffrey D. Van Volkenburg  (WV State Bar #10227)

Empire Building - 400 West Main Street
P. O. Drawer 2040
Clarksburg, WV  26302-2040
Telephone:  (304) 626-1100
Facsimile:   (304) 623-3035

McNeer, Highland, McMunn and Varner, L.C.
    Of Counsel



Notice of Removal
EXHIBIT C

2-11-13

## IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

ROBIN L. HINKLE,
           Plaintiff,

v.                                            CIVIL ACTION NO. 12-C-202

CASEY JOE MATTHEWS, TIMOTHY
MAY and CONNIE MAY, husband and
wife, SANTANDER CONSUMER, USA,
INC., an Illinois corporation; SAFE-GUARD
PRODUCTS INTERNATIONAL, LLC, a
Georgia limited liability company; and
JOHNNY HINKLE,
           Defendants.

### ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF, ROBIN L. HINKLE, FROM DEFENDANT SAFE-GUARD PRODUCTS INTERNATIONAL, LLC

In accordance with Rules 33 and 34 of the West Virginia Rules of Civil Procedure, plaintiff Robin L. Hinkle provides the following answers and responses to the Interrogatories and Requests for Production of Documents from defendant Safe-Guard Products International, LLC ("Safe-Guard")

**Interrogatory No. 1:** Please identify each person with whom you or anyone on your behalf had any discussion during the adjustment of your claim, arising from the subject claim, and whom you believe to have been an agent, employee or representative of Safe-Guard.

**Answer:** Objection, confusing as written, without waiving said objection, and as per Defendant Safe Guard's answer to plaintiff apparently had conversations with the following agents, employees or representatives of Safe Guard:; Anothy Skiles, Safe-

1

EXHIBIT A

produced by Safe Guard in Response to Plaintiffs' Request for Production of Documents No. 1 (First Set).

**Interrogatory No. 3:** Please identify in detail each act or omission by Safe-Guard in the adjustment of your claim which you assert constitutes a breach of Gap Agreement issued to you by Safe-Guard, or constituted an act which supports your contention that Safe-Guard committed violations of *W.Va.Code §33-11-1, et. seq*, or committed common law bad faith.

**Answer:** Defendant breached the referenced "Gap Agreement" by failing to satisfy and/or waive the entire remaining indebtedness on plaintiff's automobile at the time the same was rendered a total loss in accordance with the contractual terms and/or plaintiff's reasonable expectations following her interactions with defendant Safe-Guard and its agents. Furthermore, the defendant Safe Guard breached the aforesaid Gap Contract by hypothetically "reamortizing" plaintiff's outstanding loan balance following the June 1, 2011 crash.

Moreover, since the Gap Contract constituted "insurance" within the meaning of applicable statutes and regulations, defendant breached relevant statutory law, including *W.Va. Code §33-6-8*, in not seeking and obtaining prior approval from the insurance commissioner for its form definition of "unpaid net balance" as used in the Gap Contract thus, rendering the same unenforceable. Defendant Safe Guard further violated *W.Va. Code §33-11-1(a), (b), (c), (d), (f)* and *(g)*, by misrepresenting to plaintiff and others that the Gap Contract constituted insurance which would satisfy her entire indebtedness in the event that her automobile should become a total loss in an accident; by failing to acknowledge and act reasonably promptly on her claims; by

3

EXHIBIT A

failing to adopt and implement reasonable standards for the prompt investigation of claim and by continuously refusing to pay her claims; by not attempting in good faith to effectuate a prompt fair and equitable settlement of her claim, once she sought resolution of the same in the summer of 2011; and by ultimately compelling her to institute litigation in order for her to recover amounts that would do her under the aforesaid Gap Contract. These acts were done in such frequency as to indicate a general business practice.

**Interrogatory No. 4:** Please identify each and every act or omission by Safe-Guard which you assert constitutes an "act of malice" as required under West Virginia law.

**Answer:** Please see response to Interrogatory No. 3, herein. Between the time of the plaintiff's car crash on June 1, 2011 and the filing of the instant action in July, 2012, and most certainly by the time of the Court's denial of defendant Safe-Guard's Motion to Dismiss, by written Order of the Court dated November 20, 2012, defendant Safe Guard's continued wrongful refusals and related actions, in refusing to pay plaintiffs claim and honor its obligations under the Gap Contract rose to the level of actual malice.

**Interrogatory No. 5:** Please identify each and every person whom you believe to have any knowledge whatsoever relative to your claim against Safe-Guard and the coverage questions involved in this civil action, including a summary of any knowledge which you believe each such person possesses.

**Answer:** Please see individuals identified in Response to Plaintiffs Interrogatory

4

EXHIBIT A

**Answer:** Plaintiff objects to this Interrogatory in as much as defendant Safe-Guard has wrongfully refused to provide any information regarding any claims filed against it outside the State of West Virginia. Plaintiff has access to information that is within the public domain to which defendant Safe-Guard has equal access.

**Interrogatory No. 12:** Please list all damages which you seek in this civil action as a result of Safe-Guard's alleged conduct in your Complaint and state all facts supporting such damages. Where such damages are subject to calculation, please provide the amount of your claim and the exact method of your calculation.

**Answer:** Plaintiff seeks damages against Safe-Guard for her annoyance and inconvenience, loss of use of her vehicle, damage to her credit caused by Safe-Guard's wrongful refusal to indemnify her, humiliation, embarrassment, any and all administrative remedies which may apply to Safe-Guards wrongful conduct, punitive damages and attorneys' fees and costs in being compelled to institute this action as well as pre and post judgment interest. Please also see Plaintiff's Disclosures Under Paragraph 2(e) of the Court's Time Frame Order Entered November 26, 2012.

**Interrogatory No. 13:** Please itemize any and all expenses and costs, including attorney fees, referenced in your Complaint, which you claim were caused by any conduct of Safe-Guard related to your claim.

**Answer:** Plaintiff objects on the grounds that this Interrogatory is premature. Without waiving said objections plaintiff refers defendant Safe-Guard to her complaint and Plaintiff's Disclosures Under Paragraph 2(e) of the Court's Time Frame Order entered November 26, 2012. Further itemizations will be provided in accordance with

her deductible from Nationwide Insurance Company, which insured the tortfeasor's vehicle under the liability coverage thereof on their Policy # 9247N816149 and $672.78 under the same policy for loss of use.

**Interrogatory No. 17:** Please specify each individual West Virginia statutory provision or insurance regulation that you contend Safe-Guard violated, which would entitle plaintiff to recovery from Safe-Guard.

**Answer:** W.Va. Code §33-11-4(1)(a), (1)(e), (2) and (8)(c); W.Va.Code §33-11-4-9(a), (b), (c), (d), (f) and (g); and W.Va. Code §33-6-8.

### PLAINTIFF, ROBIN L. HINKLE'S RESPONSES TO DEFENDANT SAFE-GUARD PRODUCTS INTERNATIONAL, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF, ROBIN L. HINKLE

**Request No. 1:** Please produce any notes, diaries, calendars, or other documents in the possession of you or your attorney which evidence any contact you, or anyone on your behalf, had with Safe-Guard and/or its employees, agents or representative relative to your claim against Safe-Guard, other than those documents previously produced by Safe-Guard in response to plaintiff's discovery requests.

**Response:** See Affidavit of Robin L. Hinkle and Johnny Hinkle, attached hereto as Exhibit A and Correspondence between plaintiff and defendant Safe Guard, attached hereto as Exhibit B.

9

EXHIBIT A

ORIGINAL

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

ROBIN L. HINKLE,                    )
                                    )
        Plaintiff,                  )
                                    )
VS:                                 )  CIVIL ACTION NO. 12-C-202
                                    )
CASEY JOE MATTHEWS, TIMOTHY         )
MAY and CONNIE MAY, husband         )
and wife, SANTANDER CONSUMER,       )
USA, INC., an Illinois              )
corporation; et al.,                )
                                    )
        Defendants.                 )

The deposition of **VINCENT J. KING** in the above-styled matter was taken pursuant to notice for discovery and/or evidentiary purposes, before H. David Stanley, a Notary Public within and for the State of West Virginia at Large, on the 17th day of January, 2014, commencing at 10:25 A.M., EST, at the law offices of Persinger & Persinger, 237 Capitol Street, Charleston, West Virginia.

### BROWN REPORTING AGENCY
P.O. Box 5473
Beckley, West Virginia 25801-7508
304/252-4106

EXHIBIT B

1  lot about Nationwide issues, about State Farm issues,
2  about uninsured issues, about underinsured issues,
3  various things that I do not expect to testify about and
4  have actually nothing whatsoever to do with your client
5  and I think those have been withheld.  I think that's
6  probably the bulk of what's been withheld, things that
7  had nothing to do with you and certainly aren't part of
8  my opinions that I'm going to testify about with respect
9  to your client.
10         Q     I noticed that in the file documents
11  that I reviewed, there were references to potential class
12  action issues.  Would those documents and those issues
13  that you've just talked about have reference to class
14  action-related issues?
15         A     I don't think so and here's the reason
16  I say that.  The mere fact that you said that tells me
17  that that document is in there and I think there's only
18  one.
19         Q     Okay.  Were the documents that were
20  pulled out -- you talked about Nationwide issues, were
21  they in relation to similar type products that we're
22  dealing with here in this case?
23         A     I'm sorry, ask that question again.

B.R.A.

EXHIBIT B

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

ROBIN L. HINKLE,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 12-C-202

CASEY JOE MATTHEWS, TIMOTHY
MAY and CONNIE MAY, husband and wife,
SANTANDER CONSUMER, USA, INC., an
Illinois corporation; SAFE-GUARD PRODUCTS
INTERNATIONAL, LLC, a Georgia limited
liability company; and JOHNNY HINKLE,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2015, I served the foregoing *"RESPONSE OF SAFE-GUARD PRODUCTS INTERNATIONAL, LLC IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT"* upon counsel of record by depositing true copies thereof in the United States mail, postage prepaid, in an envelopes addressed as follows:

Howard M. Persinger, III, Esquire
Persinger & Persinger, L.C.
101 Dickinson Street
P. O. Box 1258
Williamson, WV 25661
*Fax (304) 235-3018*
*Counsel for Plaintiff, Robin Hinkle*

Todd A. Mount, Esquire
Shaffer & Shaffer
P. O. Box 38
Madison, WV 25130-0038
*Fax (304) 369-5431*
*Counsel for*
*State Farm Mutual Auto Insurance Company*

Daniel J. Konrad, Esquire
Huddleston Bolen, LLP
P. O. Box 2185
Huntington, WV 25722-2185
*Fax (304) 522-4312*
*Counsel for Defendant,*
*Santander Consumer, USA, Inc.*

James L. Kauffman, Esquire
Bailey & Glasser LLP
910 - 17th Street, N.W., Suite 800
Washington, DC
*Fax (202) 463-2103*
*Co-Counsel for Plaintiff, Robin Hinkle*

Jonathan R. Marshall, Esquire
209 Capitol Street
Charleston, WV 25301
*Fax (304) 342-1110*
*Co-Counsel for Plaintiff, Robin Hinkle*

_____