```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
               AT CHARLESTON
```

ROBIN L. HINKLE,

    Plaintiff,

v.                             Civil Action No. 2:15-13856

CASEY JOE MATTHEWS, TIMOTHY MAY,
CONNIE MAY, SANTANDER CONSUMER,
USA, INC., SAFE-GUARD PRODUCTS
INTERNATIONAL, LLC, and JOHNNY
HINKLE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the parties' agreed motion for miscellaneous relief, filed December 7, 2015.[1]

### I.

In this action, originally filed July 20, 2012 in the Circuit Court of Mingo County, plaintiff asserts claims stemming from her purchase of a "Safe-Guard GAP Addendum" covering her automobile loan. The GAP Addendum provided for the waiver of outstanding debt on the automobile loan under certain circumstances following an automobile accident. Plaintiff's

---

[1] The clerk is directed to terminate the Plaintiff's Motion to Remand (Docket No. 10) and Safe-Guard's Motion Requesting Entry of an Order Deeming Plaintiff's Amended Class Action Complaint to Be Filed (Docket No. 15) as moot in light of this order.

initial complaint asserts claims against defendants for breach of contract, violation of West Virginia's Unfair Trade Practices Act, W. Va. Code § 33-11-1 et seq., common law and statutory bad faith, and violations of the West Virginia Consumer Protection Act, W. Va. Code § 46A-6-101 et seq.

On June 1, 2015, plaintiff sought leave to amend her complaint. Plaintiff's proposed amended complaint, filed with her motion to amend, asserts class action claims on behalf of a class of consumers who purchased a GAP Addendum and alleges violations of West Virginia's insurance licensing requirements, W. Va. Code § 33-3-1. On September 10, 2015, a hearing was held before Judge Miki Thompson in the circuit court. Judge Thompson stated that she was "going to allow the amendment." Transcript of Hearing at 6-24. On that basis, Safe-Guard removed the action on October 9, 2015 citing this court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

Explaining its decision to remove the case prior to the entry of a written order in the state court, Safe-Guard states in its notice of removal:

> At the time of the filing of this Notice of Removal, an order had not been entered which memorialized the findings of the September 10, 2015 hearing. Consequently, Safe-Guard has not been served with Plaintiff's Second Amended Complaint asserting

> class allegations. However, in an effort to be overly cautious concerning the timing of the filing of the Notice of Removal, Safe-Guard has proceeded to file this Notice of Removal within thirty (30) days of the hearing at which Judge Thompson stated that she would permit the class allegations to be filed with the Circuit Court.

Notice of Removal at 4, fn. 3.

The parties' motion for miscellaneous relief was filed after the plaintiff moved to remand on the basis that the operative complaint, having not yet been formally amended, does not support subject matter jurisdiction in this court.[2] The parties appeared for a conference on December 16, 2015, at which counsel discussed their requested relief with the court. The parties request an order allowing the filing of the plaintiff's amended class action complaint in this court and setting a new date for plaintiff's response to defendant Safe-Guard's motion for partial dismissal of plaintiff's claims. They argue that remand at this juncture is unnecessary because the state court assented to the plaintiff's motion to amend her complaint on the record and the parties agree the amended complaint will provide a basis for federal jurisdiction.

---

[2] Plaintiff subsequently withdrew her motion to remand, with prejudice, on December 18, 2015. See Notice of Withdrawal of Motion to Remand (Docket No. 23).

II.

The procedure for removal of class actions is governed by 28 U.S.C. § 1453, which provides, in relevant part:

> A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b). Section 1446, in turn, states:

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Subject matter jurisdiction over a class action removed in this manner is granted by 28 U.S.C. § 1332(d), which provides for original jurisdiction in this court over class actions in which over $5,000,000 is in controversy and minimal diversity exists between any putative class member and any defendant. It is well-settled that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148 (4th Cir. 1994).

III.

Assuming without deciding that removal was not proper in this case, because a written order had not yet been entered allowing the plaintiff's motion to amend her complaint, the court concludes that it should grant the relief requested by the parties to cure any potential defect.  The court recognizes the difficult position the defendant was placed in by the circuit court's oral indication that it would grant the motion to amend. While Safe-Guard could have waited to remove until the circuit judge entered a written order, to do so would have invited the argument that Safe-Guard had waived the right to remove under Section 1446(b)(3) by waiting more than 30 days to file its notice of removal after it ascertained that the case would become removable under CAFA.

In a rather similar case, the Fourth Circuit held that a district court can exercise subject matter jurisdiction over a removed action after the plaintiff files an amended class action complaint satisfying the jurisdictional requirements of Section 1332(d).  See <u>Moffitt v. Residential Funding Co., LLC</u>, 604 F.3d 156, 159-60 (4th Cir. 2010).  In <u>Moffitt</u>, the defendant removed after receiving a letter and draft complaints alleging class action claims which would give rise to federal jurisdiction.  The plaintiff filed the amended complaint in

federal court, but subsequently moved to remand. The Fourth Circuit explained:

> Here, it would be a waste of judicial resources to remand these cases on the basis of an antecedent violation of the removal statute now that jurisdiction has been established. Were we to do so, defendants would almost certainly remove the cases back to federal court in light of plaintiffs' amended class action complaints. Plaintiffs have expressed no intent to abandon their class action complaints, and defendants would thus be able to file renewed notices of removal once the cases landed back in state court. Moreover, defendants would not have to worry about the normal one-year limitation on removing diversity cases since it does not apply to class actions. *See* 28 U.S.C. § 1453(b). Thus, these cases would likely end up in federal court regardless of whether we ordered remands at this juncture. Like the district court, we think that considerations of judicial economy weigh against requiring such a pointless exercise and in favor of allowing this case to go forward in a federal forum where jurisdiction has been perfected.

604 F.3d at 160 (footnote omitted).

For the same reasons, it would be a "pointless exercise," wasting both judicial resources and the party's time, to remand this matter to the circuit court. Once the circuit judge entered a written order allowing the plaintiff's motion to amend her complaint, the defendant would have grounds to file a renewed notice of removal. Based on the plaintiff's class action claims and the facts in the notice of removal, the jurisdictional requirements of CAFA as to diversity and the amount in controversy are satisfied. Inasmuch as the inevitability of subject matter jurisdiction in this court has

been established, the court grants the parties' motion for miscellaneous relief to the following extent:

1. It is ORDERED that the plaintiff is authorized to file the Amended Class Action Complaint in the form approved by the state circuit court, as contained in Exhibit B to Safe-Guard's Notice of Removal (Docket No. 1).

2. The plaintiff is directed to file any response to Safe-Guard's motion for partial dismissal no later than 14 days after the entry of this order.

The Clerk is requested to transmit a copy of this order to all counsel of record and to any unrepresented parties.

DATED: December 21, 2015

Judge John T. Copenhaver, Jr.
United States District Judge